41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The ESTATE OF Donald BIRD, By and Through Judy BIRD,
Personal Representative, Plaintiffs-Appellants,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 93-35933.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1994.*
Decided Nov. 7, 1994.
 
 Before: LAY,** TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 This is an appeal from the district court on a denial of a petition for review filed by the estate of Donald Bird challenging the Secretary of Health & Human Services' denial of social security benefits. The Administrative Law Judge held that Bird had retained residual functional capacity to perform light work. Donald Bird died after he had appealed to the Secretary's Appeal Council and his estate, by and through Judy Bird, his wife and personal representative, has thereafter pursued this claim for benefits.
 
 
 3
 Bird worked as a truck driver and injured his back while moving a large object. He suffered from a degenerative disc disease. He applied for disability benefits in March, 1991. The Secretary denied Bird's disability benefits and a hearing was held before an Administrative Law Judge (ALJ) in November, 1991.
 
 
 4
 The ALJ found that Bird's impairment did prevent him from working as a truck driver, but did not preclude him from doing other substantial, gainful activity. Bird's treating physician indicated Bird could do light work. The ALJ discredited Bird's testimony as to the full extent of his pain and accepted the assessment of a vocational expert that Bird could do light work, such as being a clerk, parking attendant, assembler or arcade attendant. On appeal to the district court, the ALJ's decision was found to be supported by substantial evidence on the record as a whole. The denial of benefits was affirmed.
 
 
 5
 On appeal, appellant first asserts the Secretary erred in holding that Bird's complaints of pain were not fully credible. In this regard, the estate claims that the Secretary failed to make detailed findings concerning the credibility of Bird's complaints of pain. Second, the estate asserts that the ALJ erred in not considering the combined effects of Bird's physical and emotional impairment. Lastly, the estate asserts that the opinions of the vocational expert should not have been given credence because the hypothetical questions did not include all of Bird's impairments.
 
 
 6
 We have examined the record and find that all of the physicians who examined and treated Bird found he did suffer pain from his back injury. However, none of the doctors concluded his pain was at a level that would prevent him from carrying on light work. The record makes clear that none of the doctors who examined Bird stated his level of pain would prevent him from performing substantial, gainful activity.
 
 
 7
 Although the ALJ failed to make specific findings relating to Bird's lack of credibility, the ALJ does discuss a number of findings which support his credibility determination. The ALJ discussed the reports from the doctors who examined Bird; the ALJ credited a report from Dr. Lahey in February, 1991, stating that Bird was not totally disabled although his condition limited him to doing light work. The ALJ also considered non-medical factors. The ALJ pointed out that Bird did household chores, worked in his shop, and walked three to four miles a day. He also found that the receipt of $1200 in workers compensation benefits reduced Bird's incentive to seek gainful employment.
 
 
 8
 We agree with Bird's estate that the receipt of workers compensation benefits is not one of the factors Social Security Ruling 88-13 specifies as relevant to determining the credibility of claimants' complaints of pain. We deem the fact to be irrelevant, but aside from such reference, we hold the district court was correct in finding substantial evidence on the record as a whole supporting the Secretary's credibility determination. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991).
 
 
 9
 Bird's estate also argues that the ALJ ignored the testimony of Bird's psychologist, who testified that Bird had a poor ability to deal with work stress and maintain concentration. We note that the psychologist did find Bird was affected by the pain but that he could understand, remember, and carry out simple job instructions. The ALJ also relied upon the statement of another psychologist that Bird did not have any disabling limitations.
 
 
 10
 Bird's estate's final assertion is that the ALJ failed to include in his hypothetical question the impairment due to pain and severe mental depression. Our examination of the hypothetical question demonstrates that the ALJ did specify there was a "slight limitation" on Bird's ability to concentrate and that the work Bird would be required to do would have to allow him to alternately stand or sit as needed. We find the hypothetical question incorporated limitations based upon Bird's pain and mental depression. The vocational expert also identified jobs that Bird could do despite these limitations, such as working as an arcade attendant or doing some types of clerical work. We find that the hypothetical question was sufficient and did include the Bird's various postural and mental limitations and accordingly, that there was sufficient evidence from which the expert would have concluded that there were a number of jobs for Bird to pursue.
 
 
 11
 We find that the district court's affirmance of the Secretary's denial of benefits was based upon substantial evidence on the record as a whole and that under the circumstances, the district court's denial of the petition for review should be affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3